### 7981

### ROOKARD v. ATLANTA & CHARLOTTE AIR LINE RY.

JUDGMENTS—SET OFF—HOMESTEAD—CONSTITUTIONAL LAW—RULE.—A judgment for costs against an administrator bringing an action for the negligent killing of his intestate for the benefit of his wife and children may be set off *pro tanto* against a judgment finally obtained in favor of the administrator, except that no part should be charged against the shares going to those beneficiaries who are heads of families. The rule need only be served on the administrator.

*Harby* v. *Weathersbee*, 21 S. C., 243, *criticised.*

*Hallman* v. *George*, 70 S. C., 403, *and Small* v. *Usher*, 77 S. C., 112, *distinguished from this case.*

Before W. B. GRUBER, Special Judge, Spartanburg, November, 1911. Reversed.

Rule by defendant in Furman Rookard, administrator of Daniel Brown, against Atlanta & Charlotte Air Line Ry. Movant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *Motion is equitable:* 67 S. C. 114. *Court may set off one judgment against another:* 31 S. C. 391; 3 Strob. 196; 2 McC. 204. *Statutes on same subject must be construed together:* 36 Cyc. 1086; 83 S. C. 427. *Funds in hands of administrator is liable for costs:* 1 Bail. 533. *Homestead is not reserved against this claim:* 19 S. C. 242; 16 S. C. 216; 77 S. C. 112.

*Messrs. S. G. Finley* and *Butler, Osborne & Brown,* contra cite: *Set off should not be allowed against heads of families:* 12 Ency. 72, 188, 189; 16 L. R. A. (N. S.) 494; 8 L. R. A. 468; 26 L. R. A. 415; 41 L. R. A. 852; 23 Ency. 1479-80; 18 Cyc. 1463.

July 24, 1911.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  Plaintiff brought this action to recover damages of defendant for the wrongful death of his intestate, Daniel Brown.  He recovered a judgment for $2,000.00, which was reversed on appeal, and a new trial was granted.  84 S. C. 190, 65 S. E. 1047.  Thereafter, defendant entered judgment against plaintiff for $142.75, the costs and disbursements of the appeal.  On the second trial, plaintiff recovered judgment for $500.00.  Thereupon, defendant obtained a rule requiring plaintiff to show cause why defendant's judgment should not be set off against plaintiff's judgment, in satisfaction thereof, *pro tanto.*  For cause, plaintiff alleged: That his intestate left no property or estate; that he left a widow and five children, for whose benefit the action was brought; that, under the terms of the statute under which the action was brought, the widow and children are entitled to the amount recovered in their own right; that the widow and two of the children are the heads of families residing in this State, and have no property other than their respective interests in this judgment, which are therefore exempt to them, as heads of families, under the Constitution and statutes.

The Circuit Court held that sections 2852 and 2853, 1 Code, 1902, under which the action was brought, expresses the legislative intent that the amount recovered in such actions shall belong exclusively to the parties mentioned therein, for whose benefit they are brought, without being liable to diminution for costs or any other charges, and dismissed the rule.

Section 2852, in so far as it is pertinent to the present inquiry, reads: "Every such action shall be for the benefit of the wife or husband and child, or children of the person whose death shall have been so caused * * *. And the amount so recovered shall be divided among the before-mentioned parties, in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate."" Section 2853 provides that "the executor or administrator, plaintiff in the action, shall be liable to costs, in case there shall be a verdict for the defendant, or nonsuit or discontinuance, out of the goods, chattels and lands of the testator, or intestate, if any, *and if none, then out of the proper goods and chattels of such executor and administrator."* The words of the section italicized were left out by the amendatory act of 1903 (24 Stat., 29) which seems to have been overlooked on Circuit.

We agree with the Circuit Court that the statute plainly expresses the intent that the amount recovered in such actions shall belong to the persons for whose benefit they are brought; and that, although the statute provides that the action shall be brought in the name of the executor or administrator of the deceased, the amount recovered shall, nevertheless, not be assets of his estate, so as to be liable to the demands of the creditors thereof. We agree, also, that, by the terms of section 2853, the decedent's estate is primarily liable for costs in the cases mentioned therein.. It does not follow, however, that the amount recovered must, in all cases and under all circumstances, be distributed among the persons entitled thereto without any diminution for costs or other charges; and we do not think the statute expresses any such intent. Nor do we think that conclusion must necessarily be inferred from the provision making the estates of decedents primarily liable for costs in such actions. Such a construction of the statute would, in some cases, work results so inequitable and unjust that

nothing short of an unequivocal expression of such an intent would induce the Court to adopt it. In cases, such as this, where the decedent left no estate whatever, the necessary costs and expenses of administration, and such as the administrator must necessarily incur in the prosecution of the action, must be paid out of the amount recovered, or not at all. The Court would certainly not require the amount recovered to be distributed among the persons entitled without first requiring the payment of the costs and expenses without which nothing could have been recovered. But, aside from this construction of the sections above quoted, ample authority is found in section 330 of the Code of Civil Procedure for the payment of such costs out of the amount collected. That section reads: "In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered, as in an action by and against a person prosecuting or defending in his own right; but such costs shall be chargeable only upon or collected of the estate, fund, or party represented, unless the Court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense."

All the sections above cited were re-enacted in the codification of 1902 and should, therefore, be construed together so as to harmonize them, if possible. But there was an irreconcilable conflict between the provisions of section 2853 and section 330 prior to the amendment of section 2853, hereinbefore referred to, whereby the words of that section, which made the executor or administrator personally liable for costs in the cases therein mentioned, were omitted; because the one made an executor or administrator personally liable for costs, if there were no assets of his decedent's estate, while the other exempted him from liability, unless he was made so by direction of the Court for mismanagement or bad faith. So long as that conflict existed, the provisions of section 330 prevailed, because they were

enacted, in 1870, subsequent to the enactment of section 2853, in 1859.  *Ins. Co.* v. *Bradley*, 84 S. C. 427, 65 S. E. 433.  But that conflict was removed by the amendment of 1903, so that now the executor or administrator is not personally liable for costs in such cases, except when made so by direction of Court for mismanagement or bad faith under the authority of section 330.  Therefore, in cases like this, if such costs and expenses as may be incurred by the executor or administrator in the prosecution of the action cannot be collected out of the estate, fund, or party represented, they must go unpaid.  We do not think the legislature intended any such result.

The contention of respondent that the parties ultimately entitled to the fund should have been brought before the Court by service of the rule upon them cannot be sustained. They are represented by the administrator, under the authority of the statute; and, in the absence of any showing of fraud or collusion on his part, it is not necessary that they be otherwise before the Court than as represented by him.

It remains to inquire whether the interests of the widow and two of the sons of decedent are exempt to them respectively, as heads of families, under the Constitution and laws of this State, which provide that $500.00 worth of personal property shall be "exempt from attachment, levy and sale under any mesne or final process, issued from any Court, to the head of any family residing in this State." Appellant contends that an order requiring one judgment to be set off against another would not violate the provision of the Constitution above quoted, because it is neither an attachment, levy or sale of property, under any mesne or final process issued from any Court.  Upon a strict construction of the Constitution, such an order would not violate its letter, but it would, in many cases, violate its spirit and intent.  The words attachment, levy and sale were used in the Constitution and statutes, because the methods thereby indicated are the ones most usually adopted in the

application of a debtor's property to the payment of his debts. An order of set off is merely another mode of execution whereby the debtor's property is applied to the satisfaction of his debts. We feel quite sure the lawmakers never intended for this benign provision of the law to be set at naught by such a literal construction, and we are not inclined to adopt it. With few exceptions, the Courts have held that exemption laws are remedial in their nature and should receive a liberal construction,—such as will advance the remedy and suppress the mischief intended. In the case of *Harley* v. *Weathersbee,* 21 S. C. 243, cited and relied upon by appellant, the Court does seem to give the exemption provisions of the Constitution and statute the strict construction contended for by appellant. But such a construction was not necessary to the decision in that case; and, in the case of *Norton v. Bradham,* subsequently decided and reported in the same volume at page 378, the Court expressly held that these provisions of the Constitution and laws must be liberally construed, and, in that case, a very liberal construction of them was necessary to the conclusion reached.

The jurisdiction of the Court to set off one judgment against another is equitable in its nature, and should be exercised so as to do justice between parties. It is not founded on any statute or fixed rule of Court, but grows out of the inherent equitable jurisdiction which the Court exercises over suitors in it. Such motions are, therefore, addressed to the discretion of the Court,—a discretion which is not arbitrarily or capriciously exercised, but according to settled principles. *Ex parte* Hiers, 67 S. C. 114, and cases cited. When it would result inequitably, set off should be refused. On the other hand, it should be allowed, when justice requires it, unless the Court is compelled to refuse it in obedience to some provision of the Constitution or statutes. The judgment in this case does not stand in the place of or represent exempt property, as did the judgments in those cases relied on by respondent, many of which are cited in

the dissenting opinion of Mr. Justice Lamm in the case of *Caldwell* v. *Ryan,* 210 Mo. 17, 108 S. W. 533, 124 Am. St. Rep. 715, 16 L. R. A. (N. S.) 494. The motion cannot be refused on that ground. Until the judgment was obtained, there was nothing in which any of the heirs of decedent could claim any exemption. The moment it was obtained, the protecting shield of the Constitution was thrown around it in so far as the heads of families had any interest in it. Appellant contends that, in the effort to recover the judgment, that is, to create or bring into existence something which they could claim as property and in which the heads of families could claim an exemption, an obligation was incurred which justice demands should be satisfied out of the property so brought into existence, and that this may be done, notwithstanding the exemption, in analogy to the principle that he who seeks equity must do equity,—a principle which has been held, under some circumstances, to be paramount to the right of exemption. *Hallman* v. *George,* 70 S. C. 403, 50 S. E. 24; *Small* v. *Usher,* 77 S. C. 112, 57 S. E. 623. The principle is inapplicable in this case, because the parties against whom it is invoked are not seeking equity. They are not seeking any thing. They are passive,—simply trying to hold what they have, and some of them have interposed the exemption of the Constitution as a shield against defendant's claim. There is no principle upon which defendant's judgment can be set off against their interests without violating the Constitution, and as to their interests, the motion was properly refused. But there is no sound principle on which the set off can be refused in so far as the interest of those who are not entitled to the protection of the Constitution are affected. Of these, one is not a resident of the State, and two are infants, born since the death of the intestate. Respondent contends that it would be inequitable that their interests alone should be set off and thereby be made to satisfy the whole of defendant's judgment; that so far as the

infants are concerned the result would be that those who are most entitled to the protection of the humane provisions of the statute under which the action was brought will be wholly deprived of it. That result may be unfortunate, but it cannot be said to be unjust or inequitable any more than it can be said to be unjust or inequitable for the heads of families to be allowed an exemption when others are not. It is no more unjust than in any other case where a judgment creditor collects the whole of his judgment out of one or more joint debtors, while others equally liable under the judgment escape by reason of the exemption of their property. Suppose the infants were the sole beneficiaries of the judgment, upon what principle could the set off be refused?

Defendant's judgment should have been set off against the interests of those beneficiaries under the judgment who are not heads of families in satisfaction thereof *pro tanto*.

Reversed.