20682

Warren H. DANIEL, Administrator of the Estate of Donna Dru Daniel, Respondent-Appellant, v. SHARPE CONSTRUCTION COMPANY, INC., Appellant-Respondent.

(244 S. E. (2d) 312)

*Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* Florence, *for appellant-respondent.*

*McGowan, Nettles, Keller & Eaton,* Florence, *for respondent-appellant.*

May 10, 1978.

RHODES, Justice:

These appeals involve a wrongful death action. The plaintiff's decedent was killed as a result of a collision between her automobile and a truck owned by the defendant. The jury returned a verdict for $125,000 actual damages. The trial judge granted the defendant's motion for a new trial *nisi,* ordering a new trial unless plaintiff agreed to remit the portion of the verdict in excess of $87,500. Both parties have appealed and, finding the exceptions of both to be without merit, we dismiss the respective appeals with the result that, plaintiff having failed to remit, the case is remanded for a new trial.

The defendant lists eleven exceptions. After a careful review of the record, we feel these exceptions are without merit. All were adequately covered and correctly disposed of by the trial judge in his order granting the new trial *nisi* and denying the defendant's motions for a judgment *n. o. v.* and new trial absolute.

The defendant's first five exceptions may be summarized as follows: (1) there was no actionable negligence on its part; (2) the plaintiff's decedent was contributorily negligent; and (3) even if the defendant were negligent, its actions were not a proximate cause of the injuries complained of. A review of the record reveals ample evidence which would have enabled the jury to logically resolve these issues adversely to defendant.

Five of the exceptions relate to evidentiary and other rulings which are largely committed to the sound discretion of the trial judge. The defendant fails to show any abuse of discretion amounting to an error of law in these challenged rulings.

Under its remaining exception, the defendant contends that the amount of damages awarded by the jury indicates the verdict was the product of passion, prejudice and caprice. Since, even if the defendant were to prevail, the relief would be a new trial absolute, we need not reach this issue in view of our disposition of the plaintiff's exceptions, *infra.*

Since no error of law appears and a full written treatment would be without precedential value, we dismiss the defendant's appeal under Rule 23 of the Rules of Practice of this Court.

The plaintiff contends the trial judge erred in granting a new trial to the defendant unless the plaintiff agreed to accept a reduced verdict of $87,500. He asserts the full amount of damages awarded by the jury was amply supported by the evidence.

"The trial judge has wide discretionary power to reduce the amount of a verdict which in his opinion is excessive, and his judgment, in the exercise of that power, will rarely be disturbed." *Johnson v. Life Insurance Company of Georgia*, 227 S. C. 351, 88 S. E. (2d) 260, 270, 55 A. L. R. (2d) 813 (1955). Ordinarily, the decision by a trial judge to reduce a verdict he deems excessive is not appealable and will not be disturbed unless it clearly appears that the exercise of his discretion was controlled by manifest error of law. *Bell v. Harrington Mfg. Co.*, 265 S. C. 468, 219 S. E. (2d) 906 (1975); *Gray v. Davis*, 247 S. C. 536, 148 S. E. (2d) 682 (1966).

Thus, the issue presented by the plaintiff's exceptions is whether the trial judge's determination that the verdict was unduly liberal amounts to a manifest error of law.

As the trial judge pointed out, the statutory beneficiaries of the decedent[1] in this case were not dependent upon her and there was no evidence of any pecuniary loss. The only elements of damage which could be considered were mental shock, wounded feelings, grief and sorrow, loss of companionship and deprivation of the use and comfort of the decedent's society. *Zorn v. Crawford*, 252 S. C. 127, 165 S. E. (2d) 640 (1969); *Mock v. Atlantic Coast Line Railroad Co.*, 227 S. C. 245, 87 S. E. (2d) 830 (1955). In *Lucht v. Youngblood*, 266 S. C. 127, 221 S. E. (2d) 854 (1976), the reasonableness of a jury award, which was based upon intangible elements of damage, was challenged by the defendant as being grossly excessive. In language which we feel is applicable to the present case, this Court stated: "The reasonableness of the verdict was challenged before the trial judge and he reduced it. The fact he heard the evidence and was more familiar than we with the evidentiary atmosphere at trial gives him, we think, a better informed view than we have. This is particularly true when the elements of damage are intangibles and the appraisal

---

[1] The mother and father of the decedent.

depends somewhat on an observation of the beneficiaries and evaluation of their testimony." 266 S. C. at 138, 221 S. E. (2d) at 860.

We are unable to conclude that the trial judge committed manifest error of law in reducing the verdict. The plaintiff's exceptions are, thus, overruled.

Where a plaintiff appeals from an order granting a new trial *nisi* instead of remitting, the order is viewed, on appeal, as one granting a new trial absolute. *Strickland v. Prince,* 247 S. C. 497, 148 S. E. (2d) 161 (1966). *Collins v. Johnson,* 245 S. C. 215, 139 S. E. (2d) 915 (1965). Therefore, the plaintiff's challenge to the trial judge's order being overruled, we remand for a new trial absolute in accordance with that order.

Affirmed and remanded for a new trial.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.