22419

*Ex parte* James H. MOSS, Respondent, v. Evelyn W. SHELLY, as Judge of Probate for Beaufort County, Appellant. *In re* ESTATE OF Clara Elizabeth GOODE, Deceased.

(338 S. E. (2d) 327)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Edwin E. Evans,* Columbia, and *Ladson F. Howell,* of *Howell, Bowers, Gibson & Boney, P.A.,* Beaufort, *for appellant.*

*James H. Moss,* Beaufort, *for respondent.*

Submitted Oct. 7, 1985.

Decided Dec. 10, 1985.

*Per Curiam:*

This is an action to compel the probate court to approve a wrongful death settlement without the imposition of an additional nonresident executor's bond. The circuit court held that the proceeds from the wrongful death settlement were not to be included in computing the amount of the bond. We affirm.

Clara Elizabeth Goode, a resident of Beaufort County, died testate on September 24, 1982. Charles Leighton Goode, a resident of Florida, was appointed executor of her estate after posting the bond required of nonresident executors. *See* S. C. Code Ann. § 21-13-310 (1976).

The executor later petitioned the probate court to approve a $13,000 settlement for the wrongful death of the decedent. The probate judge refused to approve the settlement until the executor increased the bond to cover the proceeds from the wrongful death settlement. The circuit court, however, ordered that the wrongful death proceeds were not to be included in computing the amount of the bond.

Under S. C. Code Ann. §§ 21-13-30 and -40 (1976), the amount of the required bond is measured by the estimated value of the personal property of the estate. Amounts recovered in a wrongful death action are not assets of the decedent's estate, but belong to the statutory beneficiaries. *Bailes v. Southern Ry. Co.,* 227 S. C. 176, 87 S. E. (2d) 481 (1955); *Boyd v. Richie,* 159 S. C. 55, 155 S. E. 844 (1930); *Rookard v. Atlanta etc. Air Line Ry. Co.,* 89 S. C. 371, 71 S. E. 992 (1911); *Lester v. McFaddon,* 415 F. (2d) 1101 (4th Cir. 1969); *see* S. C. Code Ann. § 15-51-20 (1976). Therefore, the proceeds from a wrongful death settlement are properly excluded in computing the amount of the bond required by an administrator or nonresident executor.

Appellant argues the probate judge has the authority to require a bond covering wrongful death proceeds pursuant to S. C. Code Ann. § 21-15-720 (1976). This section empowers the administrator or executor to settle wrongful death claims with the approval of his counsel and the probate judge. Nothing in this provision authorizes the probate judge to require a bond covering wrongful death proceeds.

Accordingly, the order of the circuit court is

Affirmed.