662 S.E.2d 438

**RRR, INC., Respondent,**

v.

**Thomas M. TOGGAS and Katherine Toggas, Appellants.**

No. 4375.

Court of Appeals of South Carolina.

Submitted Feb. 1, 2008.
Decided April 23, 2008.
Rehearing Denied June 26, 2008.

David B. Marvel, and Andrew W. Countryman, both of Charleston, for Appellants.

Otto W. Ferrene, Jr., of Hilton Head Island, for Respondent.

HEARN, C.J.

Thomas M. Toggas and Katherine Toggas (Appellants) appeal the circuit court's order denying their motion to alter, amend or vacate judgment, and instead affirming the findings of the jury. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Appellants contracted with RRR, Inc., to rent their beach-front condo on Hilton Head, South Carolina to guests. The contract provided for the rental commission, costs of cleaning and maintenance to be deducted from the gross rental funds, and that Appellants would be responsible for any damages arising from bookings made by RRR that were not honored. RRR booked Appellants' condo during the busy weeks of the Family Circle Tennis Tournament and the MCI Heritage Golf Tournament, which were held in consecutive weeks in Hilton Head. Thereafter, Appellants refused to honor the bookings, and RRR was required to find comparable units out of its own pocket for the short-term guests it had previously booked that were then out of a place to stay.

At the time of the double booking, RRR, in the normal course of business, had in its possession rental funds it had received from Appellants' prior rentals. According to the contract, RRR attempted to use these funds as partial payment for the out of pockets expenses incurred in finding the short-term guests additional lodging. Appellants disagreed with this practice, and a dispute arose. Over the course of the next week, Appellants began calling the cell phone of the owner of RRR, as well as its business phone. During these calls and messages that were left, Appellants coupled extreme profanity and lewd name-calling of RRR's female employees, with threats to shut RRR down and ruin its business. According to testimony, Appellants also made calls to the Chamber of Commerce, the Beaufort County Sheriff's Department, the local newspaper, and the South Carolina Real Estate Commission. RRR's business apparently began to suddenly and severely decline, and RRR eventually brought suit against Appellants alleging three causes of action: breach of contract, breach of contract accompanied by a fraudulent act, and unlawful use of a telephone.

During the course of this four year dispute, Appellants have been represented by four different attorneys. Attorney T. Wayne Yarborough, attorney number two, represented Appellants before the trial until a fee dispute led to his filing three separate motions to be relieved as counsel. Yarborough's second motion was denied by Master–in–Equity Kemmerlin

until the parties could resolve their differences in a fee dispute resolution. Subsequently, Yarborough filed a third motion, and this was granted by Circuit Court Judge Gregory in April, 2003. Yarborough immediately sent a copy of the order relieving him as counsel by certified mail, return receipt requested, along with two voided checks from Appellants totaling three thousand dollars, as well as a check from Yarborough to Appellants for two thousand dollars. Appellant Thomas Toggas signed for this mail, which also notified Appellants they should obtain counsel within thirty days, and that if they did not, they would be listed and contacted as *pro se* from that point forward.

The case was thereafter called to trial without Appellants present in July, 2003. Testimony presented at the trial indicated the Clerk of Court sent notice of the court roster indicating the case would be called to Appellants; however, Appellants contend they received no such notice. A jury trial and verdict resulted in a finding of $1,550 actual damages to each Thomas and Katherine Toggas on the breach of contract claim. The breach of contract accompanied by a fraudulent act claim resulted in a verdict against Thomas Toggas in the amount of $75,000 in actual damages, and $500,000 in punitive damages. Finally, the jury found damages on the unlawful communication charge against Thomas Toggas in the amount of $4,781, and $60,000 in punitive damages.

The judgment was mailed to Appellants' home of record, and Appellants subsequently filed a motion to alter, amend or vacate the judgment. After a hearing, the motions for a new trial absolute, vacation of the judgment, and new trial *nisi remittitur* were denied. This appeal followed.

## LAW/ANALYSIS

### I. Excusable Neglect

■ Appellants first contend the circuit court erred in refusing to set aside the judgment for excusable neglect under Rule 60, SCRCP, claiming they received no notice of the trial. We disagree.

■■ Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge. *Raby Constr.,*

*L.L.P. v. Orr,* 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004). An appellate court's standard of review, therefore, is limited to determining whether there was an abuse of discretion. *Id.* at 18, 594 S.E.2d at 482. Relief under Rule 60(b)(1), SCRCP, lies within the sound discretion of the circuit court and will not be reversed on appeal absent an abuse of discretion. *Paul Davis Sys., Inc. v. Deepwater of Hilton Head, LLC,* 362 S.C. 220, 225, 607 S.E.2d 358, 360 (Ct.App.2004).

 Rule 60(b)(1), SCRCP provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .

"Although most often used when relief is sought from a judgment by default, Rule 60(b)(1) applies to any final judgment." *Goodson v. Am. Bankers Ins. Co. of Fla.,* 295 S.C. 400, 402, 368 S.E.2d 687, 689 (Ct.App.1988). "Relief under this section is within the sound discretion of the circuit court and will not be disturbed absent a clear abuse of that discretion." *Id.* "Such an abuse arises when the circuit court issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support." *Id. See also Ledford v. Pennsylvania Life Insurance Co.,* 267 S.C. 671, 230 S.E.2d 900 (1976); *Ricks v. Weinrauch,* 293 S.C. 372, 360 S.E.2d 535 (Ct.App.1987). "While these cases deal with the circuit court's discretion in setting aside default judgments, the principles are equally applicable to motions for relief from any final judgment." *Goodson,* 295 S.C. at 402, 368 S.E.2d at 689.

 Appellants' basis for claiming excusable neglect is that they did not receive actual notice that the trial was imminent. Whether Appellants received notice of the impending trial is not clear from the record; however, the circuit court found specifically that notice was given Appellants by the clerk of court. The foundation of this finding was the testimony of both the Clerk of Court Elizabeth Smith, and Deputy Clerk of Court Joni Fields. Fields testified she had sent Appellants a copy of the July roster to their Washington D.C. address of record because Appellants were listed as *pro se.* Furthermore, the circuit court found Appellants' testimony that they

did not receive notice to not be credible, stating the testimony was "filled with calculated and obvious misstatements and deliberate lies." "Credibility determinations regarding testimony are a matter for the finder of fact, who has the opportunity to observe the witnesses, and those determinations are entitled to great deference on appeal." *Okatie River, L.L.C. v. Southeastern Site Prep, L.L.C.*, 353 S.C. 327, 338, 577 S.E.2d 468, 474 (Ct.App.2003). Accordingly, the circuit court did not abuse its discretion in finding one witness's testimony more credible than another's in denying Appellants' motion to set aside the judgment due to excusable neglect.

## II. New Trial; New Trial *Nisi Remittitur*

■ Appellants next contend the circuit court erred in refusing to grant their motion for a new trial absolute, or a new trial *nisi remittitur* pursuant to Rule 59, SCRCP. We disagree.

■ A circuit court may grant a new trial absolute on the ground that the verdict is excessive or inadequate. *Rush v. Blanchard*, 310 S.C. 375, 379, 426 S.E.2d 802, 805 (1993). "The jury's determination of damages, however, is entitled to substantial deference." *Id.* The circuit court should grant a new trial absolute on the excessiveness of the verdict only if the amount is so grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives. *Id.* at 379–80, 426 S.E.2d at 805.

■ The grant or denial of new trial motions rests within the discretion of the circuit court and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. *Umhoefer v. Bollinger*, 298 S.C. 221, 224, 379 S.E.2d 296, 297 (Ct.App.1989). *See also Boozer v. Boozer*, 300 S.C. 282, 387 S.E.2d 674 (Ct.App.1988) (Court of appeals has no power to review circuit court's ruling unless it rests on basis of fact wholly unsupported by evidence or is controlled by error of law.). "In deciding whether to assess error to a court's denial of a motion for a new trial, we must consider the testimony and reasonable inferences to be drawn

therefrom in the light most favorable to the nonmoving party." *Umhoefer,* 298 S.C. at 224, 379 S.E.2d at 297.

Based on the standard described above, the circuit court was left with Appellants' testimony to decide if the jury's determination of fault and resulting damages was unsupported by the evidence or based on errors in law. Appellants testified they only received several checks from Yarborough, representing monies paid by Appellants in advance and due back after Yarborough was relieved as counsel, and at no time were put on notice that Yarborough had been actually been relieved. However, Yarborough testified he sent Appellants a letter explaining he had been relieved as counsel, that Appellants should retain new counsel within thirty days, and that if they did not, they would be listed and contacted as *pro se* from that point forward. The letter also included as enclosures two voided checks from Appellants, as well as a refund check from Yarborough in the amount of two thousand dollars. The letter and its enclosures were sent via certified mail, and Yarborough produced a return receipt signed by Thomas Toggas proving Appellants' receipt. Furthermore, both Thomas and Katherine Toggas provided affidavits in support of their motion to alter or amend judgment, swearing to receipt of notice that Yarborough had been relieved pursuant to the letter described above. The circuit court found Appellants' credibility to be "absolutely zero." We therefore cannot say the circuit court's decision to deny Appellants' motion for a new trial absolute was an abuse of discretion.

Similarly, the circuit court alone has the power to grant a new trial *nisi* when it finds the amount of the verdict to be merely inadequate or excessive. *McCourt by and Through McCourt v. Abernathy,* 318 S.C. 301, 308, 457 S.E.2d 603, 607 (1995). "Compelling reasons, however, must be given to justify invading the jury's province in this manner." *Bailey v. Peacock,* 318 S.C. 13, 14, 455 S.E.2d 690, 691 (1995).

While the circuit court may not impose its will on a party by substituting its judgment for that of the jury, it may give the party an option in the way of *additur* or *remittitur,* or, in the alternative, a new trial. *Jones v. Ingles Supermarkets, Inc.,* 293 S.C. 490, 493, 361 S.E.2d 775, 776 (Ct.App.1987). The circuit court has wide discretionary power

to reduce the amount of a verdict which, in its judgment, is excessive. *Daniel v. Sharpe Const. Co.*, 270 S.C. 687, 690, 244 S.E.2d 312, 314 (1978). The decision of the circuit court to reduce the verdict will not be disturbed unless it clearly appears that the exercise of discretion was controlled by a manifest error of law. *Id.* The circuit court, being cognizant of the evidentiary atmosphere at trial, is in a far better position to review the damages than this court. *Id.* Accordingly, great deference is given to the circuit court, especially in the area of damages. *Id.*

In this case, the circuit court did a full analysis of the damages awarded RRR by the jury, including the appropriateness and excessiveness of the punitive damage award. As enumerated by our supreme court in *Gamble v. Stevenson,* upon a post-trial motion challenging an award of punitive damages, a circuit court may consider the following factors in its review: (1) defendant's degree of culpability; (2) duration of the conduct; (3) defendant's awareness or concealment; (4) the existence of similar past conduct; (5) likelihood the award will deter the defendant or others from like conduct; (6) whether the award is reasonably related to the harm likely to result from such conduct; (7) defendant's ability to pay; and finally, (8) "other factors" deemed appropriate. *Gamble v. Stevenson,* 305 S.C. 104, 111–12, 406 S.E.2d 350, 354 (1991).

After conducting a full *Gamble* review, the circuit court determined the award of damages and punitive damages was appropriate given the conduct of Appellants. We can find no error of law amounting to an abuse of discretion in this determination.

## III. No Private Right of Action

Appellants also contend Section 16–17–430 of the South Carolina Code (Supp.2006) is a criminal statute, and does not otherwise provide a private right of action to a litigant. Appellants maintained in their answers and counterclaims to RRR's complaint, as well as in the memorandum in support of their motion to alter, amend or vacate the judgment, that RRR's cause of action for unlawful use of the telephone was not properly pled or proven. However, Appellants were not present at the trial, and therefore did not

timely object to the circuit court's instruction to the jury that 16–17–430 created a private right of action. As a result, this issue is not preserved for our review. Although we question whether or not this statute does, indeed, create a private right, in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the circuit court. It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the circuit court to be preserved. *Pye v. Estate of Fox,* 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006). Moreover, a party cannot use a motion to reconsider, alter or amend a judgment to present an issue that could have been raised prior to the judgment but was not. *Dixon v. Dixon,* 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005) (issue raised for first time in Rule 59, SCRCP, motion is not preserved for review).

## IV. Entry of Default and Notice

■■■ Next, Appellants contend they were not provided notice as prescribed under Rule 55, SCRCP. Appellants maintain RRR should have been required to seek a default judgment in this situation, and because Appellants had previously appeared or otherwise defended in the action against them, under Rule 55(b)(2), they were entitled to written notice of the motion or application for judgment at least three days prior to the hearing. Claiming to have never received this notice, Appellants assert the damages award should be vacated. We disagree.

Rule 55(a), SCRCP, states "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter his default upon the calendar." This case is similar to that of *Goodson,* where Appellants had not "failed to plead" and no default was entered by the clerk; rather as Appellants themselves point out, they have actively defended the action for four years. *Goodson,* 295 S.C. 400, 368 S.E.2d 687. Furthermore, Rule 55(b), SCRCP, provides for written notification where there has been an application for judgment by default. *Id.* at 404, 368 S.E.2d at 690. Here, as in *Goodson,* there was no

application for default, and the case went before a jury and a full trial was held on the matter.

Moreover, Rule 54(c), SCRCP, provides:

A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

In addition, "[a]lthough there appears to be authority for the proposition that a failure to appear at trial after answering the complaint should entitle a defendant to default status, the majority view appears to permit the plaintiff to proceed to judgment on the merits. *See* 11A Words and Phrases 'Default' 272–274 (1971); *Coulas v. Smith,* 96 Ariz. 325, 395 P.2d 527 (1964); *Tartaglia v. Del Papa,* 48 F.R.D. 292 (E.D.Pa. 1969)." *Goodson,* 295 S.C. at 405–06, 368 S.E.2d at 691. (quoting Cureton, J., concurring and dissenting). As a result, because RRR did not seek or file for a default judgment, instead proceeding to a judgment on the merits, the notice prescribed in Rule 55(b)(2) is inapplicable to the case at hand.

## V. Inappropriate Collateral Review

Finally, Appellants contend Judge Gregory's order, granting Yarborough's motion to be relieved as counsel, was an inappropriate collateral review of Judge Kemmerlin's order, and is therefore, void. Appellants did not make this argument in their motion to alter, amend or vacate; therefore it is not preserved for our review. *See Pye,* 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) (finding it is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the circuit court to be preserved.).

## CONCLUSION

Based on the foregoing, we hold the circuit court did not err in denying Appellants' motion to alter, amend or vacate judgment. The decision of the circuit court is accordingly

**AFFIRMED.**

PIEPER, J., and GOOLSBY, A. J., concur.