THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
On Time Transportation,
 Inc., Respondent,
v.
SC Workers'
 Compensation Uninsured Employer's Fund, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-581
Heard December 7, 2011  Filed December
 20, 2011   

AFFIRMED

 
 
 
Amy V. Cofield, of Lexington, for Appellant.
Duke K. McCall, Jr., of Greenville, for Respondent.
 
 
 

PER CURIAM: This appeal arises out of a declaratory
 judgment action filed by Respondent On Time Transportation Inc. (On Time
 Transportation). Appellant South Carolina Workers' Compensation Uninsured
 Employer's Fund (the Fund) appeals the circuit court's finding that the lien
 filed by the Fund against On Time Transportation is null and void.  On appeal,
 the Fund argues: (1) the issues presented in the declaratory judgment hearing
 were previously adjudicated in an unappealed ruling by a workers' compensation
 commissioner; (2) the issues decided by the single commissioner are the law of
 the case; and (3) the issue of whether On Time Transportation was an employer
 under section 40-68-70(E) of the South Carolina Code (2011) was raised for the
 first time in the declaratory judgment action. We affirm pursuant to Rule
 220(b), SCACR, and the following authorities: Elam v. S.C. Dep't of
 Transp., 361 S.C. 9, 23, 602 S.E.2d
 772, 77980 (2004) ("Issues and arguments are preserved for appellate
 review only when they are raised to and ruled on by the lower court."); RRR,
 Inc. v. Toggas, 378 S.C. 174, 185, 662 S.E.2d 438, 443 (Ct. App. 2008) (noting
 a party cannot raise an issue for the first time on appeal); Germain v. Nichol, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("Appellant has
 the burden of providing this Court with a sufficient record upon which this
 Court can make its decision."). 
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.