**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carrie Y. Steele, Appellant,

v.

William L. Steele, Respondent.

Appellate Case No. 2014-001901

———————

Appeal From Spartanburg County
Usha J. Bridges, Family Court Judge

———————

Unpublished Opinion No. 2016-UP-099
Submitted January 1, 2016 – Filed March 2, 2016

———————

**AFFIRMED**

———————

Carrie Y. Steele, of Spartanburg, pro se.

Hattie Darlene Evans Boyce, of Spartanburg, for
Respondent.

———————

**PER CURIAM:** Carrie Steele (Wife) appeals the family court's order dismissing her motion for relief from judgment or a new trial and setting off the amount owed to her from William Steele's (Husband's) retirement account, arguing the family court erred in (1) failing to grant her relief from judgment or a new trial when she made a mistake regarding the date of the hearing, (2) finding Wife caused Husband damages because she did not move out of the marital home pending her appeal, (3)

failing to consider all court orders, testimony, pleadings and other documents, (4) misinterpreting and misapplying South Carolina law, (5) incorrectly applying the South Carolina Appellate Court Rules, (6) making erroneous factual findings unsupported by the record, and (7) failing to address Wife's ineffective assistance of counsel claim against Husband's attorney.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issue 1: Rule 60(b)(1), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."); *Rouvet v. Rouvet*, 388 S.C. 301, 308, 696 S.E.2d 204, 207 (Ct. App. 2010) ("The decision to grant or deny a motion made pursuant to Rule 60(b) is within the sound discretion of the trial [court]."); Rule 59(a)(2), SCRCP ("A new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in the courts of the State."); *Blejski v. Blejski*, 325 S.C. 491, 497, 480 S.E.2d 462, 466 (Ct. App. 1997) (noting appellate courts review a family court's decision on a motion for new trial pursuant to Rule 59(a)(2) under an abuse of discretion standard); *RRR, Inc. v. Toggas*, 378 S.C. 174, 181-82, 662 S.E.2d 438, 441-42 (Ct. App. 2008) (holding the trial court did not abuse its discretion by denying a motion under Rule 60(b)(1), SCRCP, and entering judgment against a party who properly received notice of the hearing date but failed to attend).

2.  As to Issues 2 and 3:  *Sanders v. Sanders*, 396 S.C. 410, 419, 722 S.E.2d 15, 19 (Ct. App. 2011) ("In general, marital property that is subject to equitable distribution is valued as of the date the marital litigation is filed or commenced."); *Roof v. Steele*, 413 S.C. 543, 549, 776 S.E.2d 392, 395 (Ct. App. 2015) ("The family court is a court of equity and on appeals therefrom the appellate court reviews factual and legal issues de novo."); *id.* ("However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court, and the appellant is not relieved of the burden of demonstrating error in the family court's findings of fact."); *id.* ("Accordingly, we will affirm the decision of the family court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court." (quoting *Holmes v. Holmes*, 399 S.C. 499, 504, 732 S.E.2d 213, 216 (Ct. App. 2012))); *Ex parte Dibble*, 279 S.C. 592, 595, 310 S.E.2d 440, 442 (Ct. App.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

1983) ("Courts have the inherent power to do all things reasonably necessary to insure that just results are reached to the fullest extent possible."); *Smalls v. S.C. Dep't of Educ.*, 339 S.C. 208, 219, 528 S.E.2d 682, 688 (Ct. App. 2000) ("The trial court's jurisdiction to set off one judgment against another is equitable in nature and should be exercised when necessary to provide justice between the parties."); *id.* ("A set-off is not necessarily founded upon 'any statute or fixed rule of court, but grows out of the inherent equitable jurisdiction' of the court; therefore, such motions are 'addressed to the discretion of the court . . . .'" (quoting *Rookard v. Atlanta & Charlotte Air Line Ry.*, 89 S.C. 371, 376, 71 S.E. 992, 995 (1911))).

3. As to Issues 4 through 7: *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *id.* ("Error preservation requirements are intended to 'enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000))); *id.* ("Without an initial ruling by the trial court, a reviewing court simply is not able to evaluate whether the trial court committed error."); *id.* at 212, 634 S.E.2d at 54-55 ("Therefore, when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**