**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Randall M. Green and Ann Green, Respondents-Petitioners,

v.

Wayne B. Bauerle, M.D. and Wayne B. Bauerle, M.D., P.C., Petitioners-Respondents.

Appellate Case No. 2016-000864

_____

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

_____

Appeal from Horry County
Steven H. John, Circuit Court Judge

_____

Memorandum Opinion No. 2019-MO-026
Heard December 13, 2018 – Filed May 29, 2019

_____

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

_____

Andrew F. Lindemann, of Davidson & Lindemann, P.A., of Columbia; and John B. McCutcheon Jr. and Lisa A. Thomas, both of Thompson & Henry, P.A., of Conway, all for Petitioners-Respondents.

O. Grady Query, Elizabeth Brooke Hurt and Michael W. Sautter, all of Query, Sautter, and Associates, L.L.C., of Charleston; and L. Morgan Martin, of the Law Offices of L. Morgan Martin, P.A., of Conway; and Cristin A. Uricchio, of the Uricchio Law Firm, of Charleston, all for Respondents-Petitioners.

---

**JUSTICE JAMES:** In this medical malpractice case, jury verdicts were rendered against Wayne B. Bauerle, M.D., and his practice Wayne B. Bauerle, M.D., P.C., (Bauerle) in favor of Randall and Ann Green (the Greens), who were husband and wife. Randall Green received a verdict of $2.3 million and Ann Green received a verdict of $550,000. This appeal arises from the trial court's ruling on Bauerle's post-trial motion to set off settlement payments made by third parties to the Greens. Both Bauerle and the Greens appealed the trial court's ruling. The court of appeals affirmed in an unpublished opinion. *Green v. Bauerle*, Op. No. 2016-UP-052 (S.C. Ct. App. filed Feb. 3, 2016). Both Bauerle and the Greens petitioned for a writ of certiorari, and we granted both petitions.

We hold that under the facts of this case, the jury verdicts are not subject to setoff by the settlements paid by the at-fault driver. We hold the trial court properly found the jury verdicts were subject to setoff with regard to the settlement paid by Grand Strand Medical Center, LLC (Grand Strand). As for the computation of the amounts to be set off from the two verdicts, we remand for further proceedings consistent with this opinion. Therefore, we affirm in part, vacate in part, and remand to the trial court for further proceedings consistent with this opinion.

### A. Factual and Procedural Background

The Greens were involved in a two-vehicle accident caused by the negligence of the driver of the other vehicle. The Greens both sustained bodily injury and were transported to Grand Strand in Myrtle Beach. Mr. Green's injuries included a fractured and dislocated right hip and a severe laceration to his right arm that completely transected the muscle, nerves, and two arteries. He went into cardiac arrest while at Grand Strand and is paralyzed from the waist down as a result. At some point after his initial treatment at Grand Strand, Mr. Green was transported to the Medical University of South Carolina (MUSC) in Charleston by Carolina Medical Response (CMR), an ambulance service. The Greens commenced suit against Bauerle, Grand Strand, and CMR, alleging their negligence caused physical harm and injury to Mr. Green and loss of consortium to Mrs. Green.

Prior to trial, the at-fault driver paid $100,000 to Mr. Green and $100,000 to Mrs. Green.  The Greens signed separate releases in exchange for these settlements, but neither release is in the record.  The Greens settled with CMR for $25,000 before trial; they apparently signed a joint release, but that release is not in the record.  It appears this settlement was not allocated between Mr. and Mrs. Green's claims.  In addition, the trial court granted Grand Strand's partial motion for summary judgment, dismissing the Greens' causes of action to Grand Strand for negligent hiring, supervision, and training and for vicarious liability for any negligence of its independent contractors or employees, including Bauerle.  Before the time expired for the Greens to appeal the trial court's partial grant of summary judgment, Grand Strand and the Greens settled for $2 million.  The settlement paid by Grand Strand was not allocated between Mr. and Mrs. Green.

Following trial against Bauerle, a jury awarded Mr. Green $2.3 million for his malpractice claim and awarded Mrs. Green $550,000 for her loss of consortium claim.  Bauerle filed a motion to setoff each of the Greens' settlements against the jury verdicts.  Without conducting a hearing, the trial court partially granted setoff as to the Greens' settlements with Grand Strand and CMR, finding the Greens' settlements with Grand Strand and CMR "were for the same injury, that being Mr. Green's paralysis and the loss of consortium by Mrs. Green, as was litigated against [ ] Bauerle and for which the jury returned its verdict against [ ] Bauerle."  However, the trial court found the Greens' settlements with the at-fault driver involved different injuries than the injuries for which the jury found Bauerle liable; therefore, the trial court denied Bauerle's motion for setoff as to the at-fault driver's settlement payments.

With regard to Grand Strand's and CMR's unallocated settlements, the trial court found it "reasonable, fair, and just to utilize the jury's verdict as to the [Greens'] claims," and as a result, "[applied] the percentage of the total verdict given to each [spouse] by the jury to apportion the settlements between Mr. Green's claim for medical malpractice and Mrs. Green's claim for loss of consortium."  The trial court determined that since Mr. Green received 80.7% of the $2.85 million total verdict and Mrs. Green received 19.3% of the total verdict, Grand Strand's and CMR's settlements should be prorated by the same amounts.[1]  Consequently, the trial court determined Bauerle is entitled to a setoff of $1,634,210.53 against Mr. Green's

---

[1] The trial court's calculations apparently contain a minor mathematical error totaling $270, which is irrelevant to this Court's conclusions.

verdict and a setoff of $390,519.47 against Mrs. Green's verdict. The trial court entered judgment for Mr. Green in the amount of $665,789.47 and judgment for Mrs. Green in the amount of $159,480.53.

Bauerle and the Greens both appealed, and the court of appeals affirmed. *Green v. Bauerle*, Op. No. 2016-UP-052 (S.C. Ct. App. filed Feb. 3, 2016). We granted the parties' cross-petitions for writs of certiorari. In his petition, Bauerle argues the court of appeals erred in affirming the trial court's denial of setoff as to the settlement funds paid by the at-fault driver against the jury verdicts.[2] In their petition, the Greens argue the court of appeals erred in (1) affirming the trial court's grant of setoff as to the unallocated settlement paid by Grand Strand and (2) affirming the trial court's allocation of that settlement between the Greens' medical malpractice and loss of consortium claims. In their petition to this Court, the Greens did not continue their challenge to the trial court's grant of setoff as to the unallocated settlement paid by CMR; therefore, this argument has been abandoned. *See Bennett v. Inv'rs Title Ins. Co.*, 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct. App. 2006) (providing that the appellants abandoned an issue on appeal where the appellants failed to cite any authority for their proposition and made only conclusory arguments in support thereof).

Based on the record before us and the arguments made by the parties before the trial court, we hold that under the facts of this case, the jury verdicts are not subject to setoff by the settlements paid by the at-fault driver. We hold the trial court properly found the jury verdicts were subject to setoff with regard to the settlement paid by Grand Strand. As for the computation of the amounts to be setoff from the two verdicts, we remand for further proceedings consistent with this opinion.

## B. Bauerle's Petition

As to Bauerle's petition, we affirm the court of appeals pursuant to Rule 220(b)(1), SCACR, and the authorities cited herein. Bauerle argues the court of appeals erred in affirming the trial court's denial of setoff as to the settlement funds paid by the at-fault driver against the jury verdicts. Bauerle argued in his first motion to the trial court that set off was required pursuant to section 15-38-50 of the South Carolina Code (2005) ("When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the

---

[2] The Greens also settled with their underinsured motorist insurance (UIM). Although Bauerle challenged the trial court's denial of setoff from the UIM settlement funds at the court of appeals, he has abandoned this challenge.

*same injury* . . . (1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater." (emphasis added)); *Smith v. Widener*, 397 S.C. 468, 471-72, 724 S.E.2d 188, 190 (Ct. App. 2012) ("[B]efore entering judgment on a jury verdict, the [trial] court must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, so long as the settlement funds were paid to compensate the same plaintiff on a claim *for the same injury*." (emphasis added)).

After the trial court denied this motion, in his motion to alter or amend under Rule 59(e), SCRCP, Bauerle asserted for the first time the applicability of *Graham v. Whitaker*, 282 S.C. 393, 321 S.E.2d 40 (1984). Before the court of appeals, Bauerle argued the applicability of both *Graham* and section 15-38-50. Before this Court, Bauerle argued only the applicability of *Graham*. To be clear, we hold *Graham* does not apply to the facts of this case, and we agree with the trial court that, <u>in this case</u>, setoff pursuant to section 15-38-50 is not warranted because the payments made by the at-fault driver "concerned different injuries than the injury for which the jury found Dr. Bauerle liable."

## C. The Greens' Petition

As to the Greens' petition, pursuant to Rule 220(b)(1), SCACR, and the authorities cited herein, we agree with the trial court and the court of appeals that a setoff of the amount paid by Grand Strand was warranted. However, we find the trial court's method of calculating the setoff was arbitrary and therefore vacate that portion of the trial court's order and remand to the trial court for further proceedings.

"[T]here can be only one satisfaction for an injury or wrong." *Truesdale v. S.C. Highway Dep't*, 264 S.C. 221, 235, 213 S.E.2d 740, 746 (1975), *overruled on other grounds by McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985). "[Therefore, a] non-settling defendant is entitled to credit for the amount paid by another defendant who settles for the same cause of action." *Riley v. Ford Motor Co.*, 414 S.C. 185, 195, 777 S.E.2d 824, 830 (2015) (quoting *Rutland v. S.C. Dep't of Transp.*, 400 S.C. 209, 216, 734 S.E.2d 142, 145 (2012)). "Allowing this credit prevents an injured person from obtaining a double recovery for the [injury] he sustained." *Rutland*, 400 S.C. at 216, 734 S.E.2d at 145. "When the settlement is for the same injury, the nonsettling defendant's right to a setoff arises by operation of law," under section 15-38-50. *Widener*, 397 S.C. at 472, 724 S.E.2d at 190. Section 15-38-50 provides:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

> (1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

> (2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

This section "grants the [trial] court no discretion . . . in applying a set-off." *Widener*, 397 S.C. at 472, 724 S.E.2d at 190 (quoting *Ellis v. Oliver*, 335 S.C. 106, 113, 515 S.E.2d 268, 272 (Ct. App. 1999)). In South Carolina, a non-settling defendant's right to setoff also exists under common law, and the "jurisdiction of the court to set off one judgment against another is equitable in its nature, and should be exercised so as to do justice between parties." *Riley*, 414 S.C. at 195, 777 S.E.2d at 830 (quoting *Rookard v. Atlanta & C. Air Line Ry. Co.*, 89 S.C. 371, 376, 71 S.E. 992, 995 (1911)).

The law requires the total amount paid by Grand Strand to be set off from the verdicts; however, we conclude the trial court's determination of the specific amounts to be set off from the verdicts was arbitrary, as the determination was based solely upon the ratios both verdicts bore to the whole. The setoffs should be calculated based upon the entirety of relevant circumstances, not solely upon such a formula. While these ratios may well be relevant to the ultimate determination of a proper setoff, they are not necessarily the sole relevant circumstance. Therefore, we vacate the trial court's order on this particular point and remand this issue to the trial court and direct it to convene a hearing to consider all relevant circumstances. The trial court shall then issue an order setting forth the amounts to be set off from the two verdicts.

## D. Conclusion

We **AFFIRM** the court of appeals as to the denial of setoff of settlement funds paid by the at-fault driver. We **AFFIRM** the court of appeals as to the grant of setoff of settlement funds paid by Grand Strand. We **VACATE** the trial court's method of

calculating the setoff, and we **REMAND** to the trial court for further proceedings consistent with this opinion.

**BEATTY, C.J., KITTREDGE, HEARN, JJ. and Acting Justice H. Bruce Williams, concur.**