**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jill Maliszewski, Appellant,

v.

Margaret Yeager, Respondent.

Appellate Case No. 2023-000132

_____

Appeal From Colleton County
Brooks P. Goldsmith, Circuit Court Judge

_____

Unpublished Opinion No. 2025-UP-148
Submitted March 1, 2025 – Filed April 30, 2025

_____

**AFFIRMED**

_____

Jeffrey Wayne Buncher, Jr., of Uricchio Howe Krell Jacobson Toporek Theos & Keith, PA, of Charleston, for Appellant.

Ernest Mitchell Griffith, of Griffith Freeman & Liipfert, LLC, of Beaufort; Taylor Kathleen Goffer, of Gordon & Rees LLP, of Charleston; and Jeffrey Michael Crudup and Michelle N. Endemann, both of Charleston; all for Respondent.

_____

**PER CURIAM:** Jill Maliszewski appeals the circuit court's denial of her motion for a new trial after the jury rendered a $0.00 verdict in a negligence case Maliszewski filed against Margaret Yeager. On appeal, Maliszewski argues the verdict was inadequate and inconsistent when defense counsel argued that she was entitled to some damages, and the sole blank on the verdict form was for entry of damages. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold Maliszewski waived her argument regarding an inconsistent verdict by failing to challenge the verdict prior to discharge of the jury. *See Dykema v. Carolina Emergency Physicians, P.C.*, 348 S.C. 549, 552-53, 560 S.E.2d 894, 894-96 (2002) (stating a party's failure to object to an inconsistent verdict "prior to discharge of the jury results in a waiver of the right to challenge the verdict").

We also hold Maliszewski abandoned any potential arguments regarding a new trial pursuant to (1) the thirteenth juror doctrine and (2) a new trial *nisi* additur, because she merely cited case law describing both theories in the standard of review section in her appellate brief, and failed to establish an argument under either theory in accordance with applicable law; further, she requested only a new trial as relief. *See Fields v. Melrose Ltd. P'ship,* 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.").

Finally, we hold the circuit court did not abuse its discretion in denying a new trial absolute. *See RRR, Inc. v. Toggas*, 378 S.C. 174, 182, 662 S.E.2d 438, 442 (Ct. App. 2008) ("The grant or denial of new trial motions rests within the discretion of the circuit court and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."). Although Maliszewski argues the verdict was "grossly inadequate," she failed to show the verdict was a "result of . . . improper motives." *See Vinson v. Hartley,* 324 S.C. 389, 404, 477 S.E.2d 715, 723 (1996) (stating a party is entitled to a new trial absolute if "the amount of the verdict is grossly inadequate . . . *and* clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives" (emphasis added)).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**