23858

ALLSTATE INSURANCE COMPANY, Appellant v. Randall DURHAM, d/b/a Randall Durham Plumbing Company, Respondent.

(431 S.E. (2d) 557)

Supreme Court

*W. Francis Marion, Jr.* and *J.D. Quattlebaum,* both of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*James H. Watson* and *Samuel W. Outten,* both of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard Apr. 6, 1993.

Decided May 17, 1993.

HARWELL, Chief Justice:

Allstate Insurance Company (Allstate) appeals the denial of its motion for a new trial based on the inadequacy of a jury verdict, alleging that the trial judge abused his discretion in refusing to grant a new trial. We agree and reverse.

## I. FACTS

On August 24, 1988, Randall Durham (Durham) performed plumbing services in the home of Lawrence J. and Linda M. McReynolds, which included the connection of lavatories in the upstairs bathroom. Three months later, a water line Durham had installed separated from its lavatory connection and flooded the majority of the McReynolds' home.

Allstate paid $35,651.74 to repair damage caused by the flooding and sought to recover that amount from Durham, alleging, among other things, that Durham breached an implied warranty. Durham counterclaimed for $343.00, the amount allegedly owed for his plumbing services. The jury returned a $343.00 verdict for Durham on his counterclaim and awarded Allstate $160.20 on its breach of implied warranty cause of action.[1] The trial judge denied Allstate's motion for a new trial *nisi additur* or, in the alternative, a new trial absolute, and Allstate appealed.

## II. DISCUSSION

Allstate alleges that the trial judge erred in denying its motion for a new trial. We agree.

When a party moves for a new trial based on a challenge that the verdict is either excessive or inadequate,[2] the trial judge must distinguish between awards that are merely unduly liberal or conservative and awards that are actuated by passion, caprice, or prejudice.

---

[1] This corresponds to the estimated cost of repairing defective plumbing in the McReynolds' home.

[2] Motions for a new trial based on the inadequacy of the verdict are governed by the same principles as motions for a new trial based on the excessiveness of the verdict. *Toole v. Toole*, 260 S.C. 235, 239, 195 S.E. (2d) 389, 390 (1973).

*Easler v. Hejaz Temple,* 285 S.C. 348, 356, 329 S.E. (2d) 753, 758 (1985). When the verdict indicates that the jury was unduly liberal or conservative in its view of the damages, the trial judge *alone* has the power to reduce the verdict by the granting of a new trial *nisi. O'Neal v. Bowles,* — S.C. —, —, 431 S.E. (2d) 555, 556 (1993) (citing *Easler,* 285 S.C. at 356, 329 S.E. (2d) at 748). However, when the verdict is so grossly excessive or inadequate that the amount awarded is so shockingly disproportionate to the injuries as to indicate that the jury was moved or actuated by passion, caprice, prejudice, or other considerations not found in the evidence, it becomes the duty of the trial judge and this Court to set aside the verdict absolutely. *Easler,* 285 S.C. at 356, 329 S.E. (2d) at 758.

A trial judge's refusal to grant a new trial absolute when the verdict is grossly inadequate or excessive is an abuse of discretion. *O'Neal,* — S.C. at —, 431 S.E. (2d) at 556. Here, Allstate presented undisputed evidence that it sustained damages of $35,651.74 as a result of Durham's breach of implied warranty. We find that the verdict of $160.20 is grossly inadequate and, therefore, hold that the trial judge abused his discretion in refusing to grant a new trial absolute.

Reversed and remanded.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.