529 S.E.2d 758

**Barbara BECKER, Respondent/Appellant,**

v.

**WAL–MART STORES, INC., Appellant/Respondent.**

**No. 3137.**

Court of Appeals of South Carolina.

Heard March 8, 2000.

Decided April 10, 2000.

Rehearing Denied May 27, 2000.

David L. Moore, Jr., of Love, Thornton, Arnold & Thomason, of Greenville;  and Patrick M. Higgins, of Howell, Gibson & Hughes, of Beaufort, for appellant/respondent.

William B. Harvey, III, of Harvey & Battey, of Beaufort, for respondent/appellant.

GOOLSBY, Judge:

In this negligence action, a jury awarded Barbara Becker $1,750,000.00 for a permanent foot injury sustained while shopping at Wal–Mart.  The trial court granted, and Becker accepted, a remittitur reducing the award to $525,000.00. Both parties appeal.  We affirm.

## FACTS/PROCEDURAL HISTORY

On October 12, 1995, Becker was shopping in a Wal–Mart store on Hilton Head Island. Becker, seventy-three at the time, was pushing a shopping cart down an aisle in the appliance section when a box containing a space heater fell from a shelf to her left and struck her left foot.[1] Becker immediately experienced numbness as a result, and the assistant manager noticed a red mark on her foot. At the time, Becker refused medical attention and left the store after completing a company incident report. Over the next thirty-six hours, however, Becker's injury progressively worsened. On October 14, Becker sought help from her former family physician, who referred her to several specialists. In time it was determined that Becker had developed "reflex sympathetic dystrophy," or RSD, a painful disorder involving the peripheral and sympathetic nerves of the extremity.

As a result of the RSD, Becker endured constant, intense pain in her foot over several months, eventually necessitating the surgical implantation of an epidural "portacath" to obtain relief. She also suffered from depression associated with the pain. Becker achieved some improvement, however, and finally reached a plateau at which the pain eased to a chronic, lower level. One treating physician analogized her discomfort factor as "sort of like having a chronic [foot] fracture that just won't heal, hasn't healed, and won't ever heal...." Becker was ultimately assigned a four per cent impairment rating to the lower extremity, which corresponded to a two per cent impairment rating to the whole body.

On June 25, 1996, Becker sued Wal–Mart Stores, Inc., alleging negligence and seeking both actual and punitive damages. At trial, held October 21–22, 1998, the parties stipulated to the admission of Becker's medical bills, which totaled $30,538.44. Becker subsequently called eight witnesses, including three experts via video deposition. Wal–Mart did not present a case. At the close of the evidence, the trial court denied Wal–Mart's directed verdict motion, but granted its motion to strike Becker's claim for punitive damages. The

1. The box containing the Patton brand heater measured 7.75 inches by 11.75 inches by 42.5 inches (height) and weighed approximately 10–12 pounds.

trial court also denied Becker's motion for a directed verdict on the issue of liability only.

Following the trial court's charge, the jury returned a verdict for Becker in the amount of $1,750,000.00. Immediately thereafter, Wal–Mart moved for judgment notwithstanding the verdict and a new trial absolute or, in the alternative, a new trial nisi remittitur. At the trial court's request, both parties submitted memoranda supporting their positions.

On January 14, 1999, the trial court denied Wal–Mart's post-trial motions for judgment notwithstanding the verdict and new trial absolute, but granted its motion for new trial nisi remittitur and reduced the jury's verdict to $525,000.00. Becker accepted the remittitur January 20, 1999. Both parties subsequently filed timely appeals.

## LAW/ANALYSIS

### Wal–Mart's Appeal

### I. Directed Verdict and Judgment Notwithstanding the Verdict

Wal–Mart first argues the trial court erred in failing to direct a verdict in its favor. This issue is not preserved for our review.

■ The record reflects Wal–Mart offered its motion in the following manner: "Your honor, for the record, I'd like to make a motion for directed verdict." Because Wal–Mart failed to specify any grounds for the motion, we may not review the trial court's decision to deny it.[2] Likewise, the trial court's failure to grant Wal–Mart's motion for judgment notwithstanding the verdict is also not preserved.[3]

---

2. *See* Rule 50(a), SCRCP ("A motion for a directed verdict shall state the specific grounds therefor."); *Creech v. South Carolina Wildlife & Marine Resources Dep't*, 328 S.C. 24, 491 S.E.2d 571 (1997) (holding the appellant's failure to raise a particular issue in its directed verdict motion precludes appellate review of that issue).

3. *See* Rule 50(b), SCRCP ("A party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered *in accordance with his motion for a directed verdict ....* ") (emphasis added); *Benton & Rhodes, Inc. v. Boden*, 310 S.C. 400, 426 S.E.2d 823 (Ct.App.1993) (holding a directed

## II.   New Trial Absolute

█    Wal–Mart next asserts the trial court erred in refusing to grant its motion for a new trial absolute, claiming the jury's verdict was based on passion, prejudice, or partiality.   We disagree.

█    "When a party moves for a new trial based on a challenge that the verdict is either excessive or inadequate, the trial judge must distinguish between awards that are merely unduly liberal or conservative and awards that are actuated by passion, caprice, or prejudice." [4]   The trial court must set aside a verdict only when it is shockingly disproportionate to the injuries suffered and thus indicates that passion, caprice, prejudice, or other considerations not reflected by the evidence affected the amount awarded.[5]   In other words, to warrant a new trial absolute, the verdict reached must be so "grossly excessive" as to clearly indicate the influence of an improper motive on the jury.[6]

█    The decision to grant a new trial absolute based on the excessiveness of a verdict rests in the sound discretion of the trial court and ordinarily will not be disturbed on appeal. An abuse of discretion occurs if the trial court's findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law.[7]   In deciding whether to assess error when a new trial motion is denied, the appellate court must consider the testimony and reasonable

---

verdict motion stating specific grounds is a prerequisite for a subsequent motion for judgment notwithstanding the verdict); *Marsh v. South Carolina Dep't of Highways & Pub. Transp.*, 298 S.C. 420, 380 S.E.2d 867 (Ct.App.1989) (declining to address an issue on appeal because the directed verdict motion did not include the issue as a specific ground and a motion for judgment notwithstanding the verdict is limited to the grounds stated in the directed verdict motion).

4.   *Allstate Ins. Co. v. Durham*, 314 S.C. 529, 530, 431 S.E.2d 557, 558 (1993) (footnote omitted) (quoting *Easler v. Hejaz Temple*, 285 S.C. 348, 356, 329 S.E.2d 753, 758 (1985)).

5.   *Rush v. Blanchard*, 310 S.C. 375, 426 S.E.2d 802 (1993); *Vinson v. Hartley*, 324 S.C. 389, 477 S.E.2d 715 (Ct.App.1996).

6.   *Rush*, 310 S.C. at 379, 426 S.E.2d at 805.

7.   *Krepps v. Ausen*, 324 S.C. 597, 479 S.E.2d 290 (Ct.App.1996).

inferences therefrom in the light most favorable to the non-moving party.[8]

■ Here, the trial court expressly found the jury's award was not grossly excessive, but rather merely excessive. We agree. Mere undue liberality on the part of the jury does not warrant an inference that the verdict resulted from improper influences.[9] Moreover, Wal–Mart admits that "without question" Becker sustained an injury as a result of the accident. Indeed, Wal–Mart's own brief describes the factual circumstances surrounding Becker's injury in sufficient detail to warrant upholding the trial court's finding that the evidence presented permitted the jury to infer she had incurred substantial damages. Because Wal–Mart fails to identify any reason to consider the verdict grossly excessive, the trial court did not err in denying a new trial absolute on this ground.

Wal–Mart further asserts the fact that the jury reached its verdict in only about twenty minutes indicates the verdict was affected by some improper influence. We disagree. Although tried over two days, the case was relatively simple; Wal–Mart did not even put up a case. In our view, the evidence presented at trial did not require prolonged consideration by the jury, and we will not draw any unwarranted conclusions from the brevity of the deliberations.[10] We therefore find no abuse of discretion in the denial of a new trial in this case.

### Becker's Cross–Appeal

Although she makes several arguments, Becker's sole complaint on appeal concerns the trial court's decision to grant Wal–Mart's motion for new trial nisi remittitur.

---

8. *Vinson*, 324 S.C. at 405, 477 S.E.2d at 723.

9. *Hall v. Palmetto Enters. II, Inc., of Clinton*, 282 S.C. 87, 317 S.E.2d 140 (Ct.App.1984); *Hutson v. Cummins Carolinas, Inc.*, 280 S.C. 552, 314 S.E.2d 19 (Ct.App.1984).

10. *See, e.g., State v. Cox*, 221 S.C. 1, 68 S.E.2d 624 (1951) (affirming a conviction in a capital case notwithstanding the fact that the jurors had deliberated only twenty-four minutes and noting, "[T]he fact that the jury stayed out such a short length of time indicated there was unanimity of thought on the facts of the case.").

■ Initially, we note that a plaintiff who accepts a remittitur in lieu of a new trial is ordinarily bound by that election and may not appeal.[11] An exception to the general rule, however, permits a plaintiff to cross-appeal the reduction in damages when the defendant appeals.[12] Becker's appeal on this issue, therefore, is proper.

■ "The trial court has wide discretionary power to reduce the amount of a verdict which in his or her judgment is excessive."[13] Indeed, when the verdict indicates the jury was unduly liberal in determining damages, the trial court alone has the power to grant a new trial nisi remittitur.[14] This decision will not be disturbed on appeal, therefore, "unless it clearly appears that the exercise of discretion was controlled by a manifest error of law."[15]

■ In considering a motion for new trial nisi, the trial court must evaluate the adequacy of the verdict in light of the evidence presented.[16] In this case, after reviewing the evidence, the trial court expressly found the verdict returned by the jury was "merely excessive." We agree with this finding.

■ The trial court granted the remittitur based on the amount of Becker's medical expenses, the "moderate" nature of the diagnosed condition resulting from her injury, her resulting impairment rating of four per cent, her age, and her statutory life expectancy.[17] Under these circumstances, espe-

---

11. *Rush*, 310 S.C. at 380, 426 S.E.2d at 805–806.

12. *Id.* at 380–81, 426 S.E.2d at 805–06.

13. *Id.* at 381, 426 S.E.2d at 806.

14. *Allstate Ins. Co. v. Durham*, 314 S.C. at 531, 431 S.E.2d at 558.

15. *Rush*, 310 S.C. at 381, 426 S.E.2d at 806.

16. *Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 493 S.E.2d 875 (Ct.App.1997), *cert. denied* (October 9, 1998).

17. *Cf. Haskins v. Fairfield Elec. Co-op.*, 283 S.C. 229, 321 S.E.2d 185 (Ct.App.1984) (finding the verdict, which completely covered the plaintiff's medical bills, sufficient, particularly in light of the fact that the plaintiff was retired at the time of the accident and therefore suffered no loss of income), *overruled on other grounds by O'Neal v. Bowles*, 314 S.C. 525, 431 S.E.2d 555 (1993).

cially the intangible elements of damages presented in this case,[18] we cannot say the trial court erred.[19]

Becker first argues the trial court erred in reducing the jury award because Wal–Mart failed to propose a figure for the trial court's consideration. Becker contends the trial court should not have granted the remittitur because Wal–Mart failed to suggest an amount to be remitted.[20] Because, however, Becker did not present this argument to the trial court, either by way of objection to Wal–Mart's motion or a separate motion to alter or amend, it cannot be considered on appeal.[21]

Becker further asserts there were no compelling reasons to justify the grant of a remittitur. We disagree.

As Becker correctly notes, compelling reasons must accompany the grant of a new trial nisi to justify invading the province of the jury.[22] Contrary to Becker's assertion, however, the trial court did in fact give specific reasons for its decision, namely Becker's pecuniary damages, the nature of her injury, her resulting impairment, her age, and her life expectancy. As discussed above, given the broad discretion accorded the trial court in such matters, its decision to reduce the verdict from $1,750,000.00 to $525,000.00 was not error.

Finally, Becker contends the very nature of her actual damages claim, i.e., pain and suffering, mandates our affir-

---

18. See Rush, 310 S.C. at 381, 426 S.E.2d at 806 ("[G]reat deference is given to the trial judge, especially in the area of intangible elements of damages....").

19. See id. at 381, 426 S.E.2d at 806 ("The trial judge who heard the evidence and is more familiar with the evidentiary atmosphere at trial possesses a better-informed view of the damages than this Court.") (citation omitted).

20. See Scoggins v. McClellion, 321 S.C. 264, 272, 468 S.E.2d 12, 16 (Ct.App.1996) ("The trial judge must be given parameters when a request is made for remittitur.").

21. See Jackson v. Speed, 326 S.C. 289, 486 S.E.2d 750 (1997) (stating issues not raised to the trial court are not preserved for appellate review).

22. Bailey v. Peacock, 318 S.C. 13, 455 S.E.2d 690 (1995).

mance of the jury's verdict in toto because a decision on such indeterminate damages is inherently within the jury's province. Although we agree that a jury's assessment of a plaintiff's pain and suffering is entitled to substantial deference,[23] this deference does not abrogate the authority of the trial court to grant a new trial nisi upon finding "the amount of the verdict to be merely inadequate or excessive." [24]

In *Daniel v. Sharpe Construction Co.,*[25] a wrongful death action in which the trial court reduced the award to the statutory beneficiaries, the plaintiff contended that, because the evidence supported the verdict, the trial court erred in granting the defendant's motion for new trial nisi remittitur. The supreme court, quoting *Lucht v. Youngblood,*[26] stated:

> The reasonableness of the verdict was challenged before the trial judge and he reduced it. The fact he heard the evidence and was more familiar than we with the evidentiary atmosphere at trial gives him, we think, a better informed view than we have. *This is particularly true when the elements of damage are intangibles and the appraisal depends somewhat on an observation of the beneficiaries and evaluation of their testimony.*[27]

The statutory beneficiaries in *Daniel* claimed damages for mental shock, wounded feelings, grief, sorrow, loss of companionship, and deprivation of the use and comfort of the decedent's society. These losses, like pain and suffering, are intangible and nonpecuniary in nature. We therefore find the above-quoted language instructive in the present case and hold that, notwithstanding the subjectivity necessarily involved in determining a significant portion of Becker's damages, the trial court did not abuse its discretion in granting Wal–Mart's

---

23. *Smalls v. South Carolina Dep't of Educ.,* 339 S.C. 208, 528 S.E.2d 682 (Ct.App. 2000).

24. *O'Neal,* 314 S.C. at 527, 431 S.E.2d at 556.

25. 270 S.C. 687, 244 S.E.2d 312 (1978).

26. 266 S.C. 127, 138, 221 S.E.2d 854, 860 (1976).

27. *Daniel,* 270 S.C. at 690–691, 244 S.E.2d at 314 (emphasis added).

motion for a new trial nisi remittitur.[28]

**AFFIRMED.**

CONNOR and HOWARD, JJ., concur.

---

**28.** Becker's reliance on other cases involving similar injuries is unavail-
ing. *See Cabler v. L.V. Hart, Inc.,* 251 S.C. 576, 164 S.E.2d 574 (1968)
(stating a review of other awards was of no aid in determining whether
the judgment on appeal, which included pain and suffering as a
substantial element of the plaintiff's damages, was excessive).