THIS
 OPINION HAS NO PRECEDENTIAL VALUE.   IT SHOULD NOT BE CITED OR RELIED ON
 AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Fariborz Z.
 Babaee and Malihe Babaee, Appellants/Respondents
 
 
 

v.

 
 
 
 Moisture
 Warranty Corporation d/b/a Moisture Free Warranty; and Preferred Home
 Inspections, Inc., Defendants, 
 Of Whom
 Moisture Warranty Corporation d/b/a Moisture Free Warranty is the Respondent/Appellant
 
 
 

Appeal From Richland County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2012-UP-030
 Heard September 13, 2011  Filed January
25, 2012    

AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED

 
 
 
 Robert B. Phillips, of Columbia, for
 Appellants-Respondents.
 C. Mitchell Brown, Thomas William McGee,
 III, A. Mattison Bogan, and Emma T. Dean, all of Columbia; and Mark Phillips,
 of Charleston, for Respondent-Appellant.
 
 
 

PER CURIAM:  Appellants/Respondents Fariborz Babaee and Malihe
 Babaee (the Babaees) brought this breach of warranty action against
 Respondent/Appellant Moisture Warranty Corporation (Moisture Warranty) to
 recover damages for Moisture Warranty's refusal to pay the full cost of repairs
 to the Babaees' home after it sustained moisture damage.  The circuit court
 granted Moisture Warranty's motion for a directed verdict on the Babaees'
 claims for fraud and violation of the South Carolina Unfair Trade Practices Act
 (UTPA), S.C. Code Ann. §§ 39-5-10 to -560 (1976 & Supp. 2010).  The jury
 returned a verdict for the Babaees in the amount of $140,000 on their breach of
 warranty claim.  The circuit court granted Moisture Warranty's motion for a new
 trial nisi remittitur, reduced the verdict to $20,000, and denied Moisture
 Warranty's motions for a judgment notwithstanding the verdict (JNOV) and new
 trial absolute.  The Babaees appeal, and Moisture Warranty cross-appeals.  We
 affirm in part, reverse in part, and remand.     
1.  As to the reduction of the jury's verdict,
 we disagree with the Babaees' argument that this reduction was based on
 warranty terms to which they did not agree.  Significantly, when the Babaees
 closed on the purchase of their home, they were provided with Moisture
 Warranty's Letter of Approval, which indicated the home qualified for a
 warranty against moisture damage, with one exclusion.  The Letter of Approval
 indicated the "level of warranty chosen" was a three-year warranty
 with a total limit of $60,000 and a $20,000 annual limit.  The Babaees signed
 the Letter of Approval, just below the following statement: "I have read
 and understand this Letter of Approval dated 11/11/04 and the Moisture Warranty
 Terms and Conditions.  I accept the warranty and any exclusions listed for the
 home . . . ."[1]  
The
 language in the Letter of Approval was clear and unambiguous in its expression
 of coverage limits and in its incorporation of the Terms and Limitations
 document, which also set forth coverage limits of $20,000 per year for a total
 of $60,000 over the full term of the warranty.  Further, the warranty stated it
 did not cover consequential damages.  Therefore, the circuit court properly
 considered the warranty's coverage limits in granting Moisture Warranty's
 motion to reduce the jury's verdict.  See S.C. Dep't of Natural Res.
 v. Town of McClellanville, 345 S.C. 617, 623, 550 S.E.2d 299, 303 (2001)
 (holding that the determination of the parties' intent is a question of fact
 only when the language of a contract is ambiguous); Becker v. Wal-Mart
 Stores, Inc., 339 S.C. 629, 637, 529 S.E.2d 758, 762 (Ct. App. 2000)
 ("The trial court has wide discretionary power to reduce the amount of a
 verdict which in his or her judgment is excessive.") (citation and
 quotation marks omitted).  We affirm the trial court's reduction of the jury's
 verdict to the limits stated in the Letter of Approval.
2. As to the directed verdict for Moisture
 Warranty on the UTPA claim, we find more than one
 reasonable inference exists as to: (1) the deceptive nature of the
 representations in Moisture Warranty's advertising brochure; (2) the  potential
 for repetition; and (3) the existence of damages proximately caused by a UTPA
 violation, when viewed in the light most favorable to the Babaees.    
Initially, Moisture
 Warranty contends the Babaees did not appeal the directed verdict on their UTPA
 claim.  Moisture Warranty argues the Babaees' notice of appeal, which was filed
 on March 5, 2009, did not comply with Rule 203(e)(1)(c), SCACR,[2] because it did not reference the
 circuit court's November 21, 2008 judgment, which was entered on (1) the jury's verdict on the breach of warranty claim and
 (2) the directed verdict on the UTPA and fraud claims.  However, the circuit
 court's February 16, 2009 order granting Moisture Warranty's motion for a new
 trial nisi modified the November 21, 2008 judgment; thus, the February 16, 2009
 order served as the circuit court's final judgment in this action.  See Rule
 59(e), SCRCP (allowing for a motion to alter or amend a judgment)
 (emphasis added); cf. Rule 59(f), SCRCP (stating that the time for appeal for all parties shall run
 from the receipt of written notice of entry of the order granting or denying
 a timely motion under Rule 59)
 (emphasis added).  
In any event, Moisture
 Warranty has not shown any prejudice resulting from the omission of the date of
 the initial judgment.  Accordingly, the omission is of a clerical nature only.  Cf. Weatherford v. Price, 340 S.C. 572, 577-78, 532 S.E.2d 310, 313 (Ct. App. 2000) (rejecting
 the respondent's argument that the appellant failed to appeal the final order in
 an action tried non-jury by referring only to the order denying the motion for
 reconsideration in his notice of appeal because the respondent was not
 prejudiced and the appellant attached a copy of the final order to his notice
 of appeal).  Therefore, the reference in
 the Babaees' notice of appeal to the February 16, 2009 order was effective to perfect
 their appeal of all rulings arising from this action.
As to the merits
 of this assignment of error, the brochure in question stated in pertinent part:
 "We know what steps to take to assure homeowners that their home is dry,
 and we guarantee their home will remain dry during the term of the warranty . .
 . or we'll pay to get it dry."  At trial, the Babaees presented a document
 prepared by the Clemson Extension Service that explained wood moisture content.  The document stated that a wood
 moisture content of 20% to 24% indicates a serious excessive moisture problem
 and described the 25% to 30% level of wood moisture as often being "the
 'too late' level for correcting problem situations without repair costs in the
 thousands of dollars."  However, the warranty
 defined "excessive moisture" as any moisture reading equal to
 or above 25%.  In light of this contrast, the use of
 the term "dry" in Moisture Warranty's brochure is troubling.  
Based on the
 foregoing, we hold the circuit court erred in granting a directed verdict for
 Moisture Warranty on the UTPA claim.  See Parrish v. Allison, 376
 S.C. 308, 319, 656 S.E.2d 382, 388 (Ct. App. 2007) ("[I]f the evidence as
 a whole is susceptible of more than one reasonable inference, a jury issue is
 created and the motion should be denied."); The Huffines Co., LLC v.
 Lockhart, 365 S.C. 178, 187, 617 S.E.2d 125, 129 (Ct. App. 2005) (holding
 that in ruling on motions for a directed verdict or JNOV, the trial court is
 required to view the evidence and reasonable inferences from the evidence in
 the light most favorable to the party opposing the motions).  We reverse this
 directed verdict and remand for a new trial on the UTPA claim. 
3.  As to the denial of Moisture
 Warranty's motions for a directed verdict and JNOV, we find the evidence to be
 susceptible to more than one reasonable inference regarding: (1) the existence
 of an offer to repair; (2) the Babaees' alleged rejection of any such offer;
 and (3) whether Moisture Warranty's tender of $2,500 was adequate to fulfill its
 obligations under the terms of the warranty.  Therefore, we affirm on this
 assignment of error.
4.  As to the exclusion of evidence of
 the $110,000 credit given by the sellers toward the home's purchase price, we
 find this evidence does not tend to make more or less probable the
 establishment of damages proximately caused by a breach of warranty.[3] 
 Therefore, the evidence is not relevant.  See Rule 401, SCRE (defining
 "relevant evidence").  Further, this evidence is prohibited by the
 collateral source rule.  See Giannini v. S.C. Dep't of Transp.,
 378 S.C. 573, 582-83, 664 S.E.2d 450, 455 (2008) (holding that the collateral
 source rule prohibited a jury instruction on the income tax consequences of a
 personal injury award); New Found. Baptist Church v. Davis, 257 S.C.
 443, 446, 186 S.E.2d 247, 249 (1972) (holding that compensation received by an
 injured party from a collateral source, wholly independent of the wrongdoer,
 does not operate to lessen the damages recoverable from the wrongdoer).  We
 affirm the circuit court's exclusion of this evidence.  
CONCLUSION
For the foregoing
 reasons, we affirm: (1) the circuit court's order reducing the jury's verdict
 on the breach of warranty claim; (2) the circuit court's exclusion of evidence regarding
 the purpose for the $110,000 reduction in the home's purchase price; and (3) the
 denial of Moisture Warranty's motions for a directed verdict and JNOV.  We,
 however, reverse the directed verdict on the UTPA claim and remand for a new
 trial on this claim.
AFFIRMED IN PART, REVERSED
 IN PART, AND REMANDED.
SHORT, WILLIAMS, and
 GEATHERS, JJ., concur.

[1] The document in question is entitled "The Terms
 and Limitations of the MoistureFree Warranty."  Thus, we will refer to
 this document as "the Terms and Limitations document."  The Babaees
 contend the circuit court found in a pre-trial order that they did not receive
 the Terms and Limitations document until after they purchased the home. 
 We disagree with the Babaees' characterization of this order, which merely
 recited the Babaees' allegation regarding their receipt of the document.
[2] Rule 203(e)(1)(c), SCACR, requires the Notice of
 Appeal to include the date of the order or judgment from which the appeal is
 taken.
[3] The record shows the sellers gave this credit to the
 Babaees for the purpose of stucco repairs or replacement.