**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joshua Steven Stone, Respondent,

v.

George Hunter McMaster, Appellant.

Appellate Case No. 2018-001849

———————————

Appeal From Richland County
Clifton Newman, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-308
Submitted June 1, 2021 – Filed September 1, 2021

———————————

**AFFIRMED**

———————————

Brian Dumas, of Brian Dumas, Attorney LLC, of Columbia, for Appellant.

D. Reece Williams, III and Yani G. Mouratev, both of Callison Tighe & Robinson, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:** Joshua Stone sued George McMaster, alleging he suffered damages from sexual assault, sexual battery, and intentional infliction of emotional distress during an incident at the Palmetto Club in May 2014. The jury found in Stone's favor, awarding Stone $50,000 in actual damages and $50,000 in punitive

damages. The trial court denied McMaster's post-trial motions for a judgment notwithstanding the verdict (JNOV), new trial absolute, and new trial nisi remittitur without specifying grounds for the denial.

McMaster argues the trial court erred in denying his post-trial motions, failing to specify grounds for denying his post-trial motions, and allowing evidence of his guilty plea. We affirm.

> In an action at law, on appeal of a case tried by a jury, the jurisdiction of the appellate court extends merely to the correction of errors of law, and a factual finding by the jury will not be disturbed unless a review of the record discloses there is no evidence which reasonably supports the jury's findings.

*Wright v. Craft*, 372 S.C. 1, 18, 640 S.E.2d 486, 495 (Ct. App. 2006). "The admissibility of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion or the commission of legal error prejudicing the defendant." *Id*. at 33, 640 S.E.2d at 503.

First, McMaster argues the trial court erred in failing to specify the grounds for denying his post-trial motions. We disagree. Rule 52(a), SCRCP, states "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)," which concerns involuntary dismissal. *See also Youmans ex rel. Elmore v. S.C. Dept. of Transp.*, 380 S.C. 263, 272, 670 S.E.2d 1, 5 (Ct. App. 2008) (stating a trial court is not obligated to explain its reasoning when ruling on new trial motions based on the thirteenth juror doctrine). Further, the trial court's reasoning behind the denial of the post-trial motions is discernible from the record on appeal. *See Doe v. Howe*, 367 S.C. 432, 448, 626 S.E.2d 25, 33 (Ct. App. 2005) ("Of even greater significance is the fact that the reasoning behind the denial of the post-trial motions was discernible from the record on appeal."). McMaster also never made this argument to the circuit court; thus, it is procedurally barred. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

Second, McMaster argues the trial court erred in allowing evidence of his guilty plea because it allegedly constituted impermissible hearsay under Rule 803, SCRE, and *Zurcher v. Bilton*, 379 S.C. 132, 666 S.E.2d 224 (2008). We disagree. The evidence

in question was portions of Stone's complaint (which Stone's counsel read to the jury), McMaster's deposition testimony, and the transcript of McMaster's plea.

Although we acknowledge evidence of McMaster's guilty plea does not fall under the hearsay exception for judgments of previous convictions as mentioned in footnote three of *Zurcher*, the complaint and deposition testimony did not constitute impermissible hearsay because such evidence is specifically allowed by other court rules. *See* Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules *or by other rules prescribed by the Supreme Court* of this State or by statute." (emphasis added)). Regarding the complaint, Rule 43(g), SCRCP, states, "Counsel for any party may read his pleadings to the jury or make a statement to the jury of the facts alleged in the pleadings . . . ." Regarding McMaster's deposition testimony, Rule 32(a)(2), SCRCP, states, "The deposition of a party . . . may be used by an adverse party for any purpose." Regarding the guilty plea transcript, this was an admission by a party-opponent after McMaster stated in his deposition that he did not disagree with anything in the guilty plea transcript. *See* Rule 801(d)(2)(B), SCRE ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement of which the party has manifested an adoption or belief in its truth . . . ."). Thus, the trial court did not err in admitting this evidence.

Third, McMaster argues the trial court erred in denying his JNOV motion because there was no evidence in the record from which a reasonable juror could have determined McMaster committed assault, battery, or intentional infliction of emotional distress. We disagree. *See Burns v. Universal Health Servs., Inc.*, 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("The appellate court will reverse the trial court's ruling on a JNOV motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law."); *id*. ("The verdict will be upheld if there is any evidence to sustain the factual findings implicit in the jury's verdict."). McMaster's guilty plea and the witness testimony from this civil trial contained sufficient evidence to support the jury's verdict. We discuss each claim below. We note the verdict form is not in the record, and the jury returned a general verdict. Thus, as long as there is some evidence supporting any of Stone's claims, the verdict must stand.

Regarding the allegations of assault, the record contains evidence showing McMaster followed Stone toward the restroom and pulled Stone's pants to his ankles. *See Mellen v. Lane*, 377 S.C. 261, 276, 659 S.E.2d 236, 244 (Ct. App. 2008) (defining assault as "an attempt or offer, with force or violence, to inflict bodily harm on another or engage in some offensive conduct"); *id*. ("The elements of assault are:

(1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm.").

Regarding battery, the record contains evidence supporting Stone's claim that McMaster brushed Stone's buttocks and grabbed Stone's genitals. *See Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 230, 317 S.E.2d 748, 754 (Ct. App. 1984) ("A battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient . . . .").

Regarding intentional infliction of emotional distress, the record contains evidence showing McMaster consumed approximately ten beers over several hours at Stone's workplace, followed Stone toward the restroom, pulled Stone's pants down, and grabbed Stone's genitals. Further, multiple witnesses testified they observed lingering signs of Stone's emotional distress after the incident, and the psychiatrist testified she diagnosed Stone with an anxiety disorder and post-traumatic stress disorder. *See Ford v. Hutson*, 276 S.C. 157, 162, 276 S.E.2d 776, 778 (1981) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." (quoting Restatement (Second) of Torts § 46 (Am. Law Inst. 1965))); *id.* ("Specifically, in order to recover for the intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so 'extreme and outrageous' as to exceed 'all possible bounds of decency' and must be regarded as 'atrocious, and utterly intolerable in a civilized community'; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was 'severe' so that 'no reasonable man could be expected to endure it.'" (citations omitted) (quoting *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me. 1979))); *id.* at 162, 276 S.E.2d at 778-79 ("Although 'severe' emotional distress is usually manifested by 'shock, illness[,] or other bodily harm,' such objective symptomatology is not an absolute prerequisite for recovery of damages for intentional . . . infliction of emotional distress." (second alteration in original)). Because evidence in the record supports the jury's verdict, the trial court did not err in denying McMaster's JNOV motion.

Fourth, McMaster appeals the trial court's denial of his motion for a new trial, arguing the motion should have been granted under the thirteenth juror doctrine, as a new trial absolute, or in the alternative, as a new trial *nisi remittitur*. We disagree. Although we acknowledge the jury's verdict of $100,000 is generous, this court does

not sit to determine whether it agrees with the jury's verdict or to decide whether it agrees with the trial court's decision not to disturb the jury's verdict; rather, this court employs a highly deferential standard of review when examining the trial court's ruling on each of these grounds. *See Burke v. AnMed Health*, 393 S.C. 48, 57, 710 S.E.2d 84, 89 (Ct. App. 2011).

Finally, the trial court did not abuse its discretion in deciding not to disturb the jury's verdict because the evidence in the record supported the verdict. *See id*. at 55, 710 S.E.2d 84, 88 (Ct. App. 2011) ("[T]he trial judge is the thirteenth juror, possessing the veto power to the Nth degree . . . ." (quoting *Worrell v. S.C. Power Co.*, 186 S.C. 306, 313-14, 195 S.E. 638, 641 (1938)); *id*. at 55-56, 710 S.E.2d at 88 ("An order denying a new trial on this theory will hardly ever be reversed. . . . '[T]o reverse the denial of a new trial motion under [the thirteenth juror doctrine,] we must, in essence, conclude that the moving party was entitled to a directed verdict at trial.'" (quoting *Curtis v. Blake*, 392 S.C. 494, 500, 709 S.E.2d 79, 82 (Ct. App. 2011)) (second and third alterations in original)); *id*. at 56, 710 S.E.2d at 88 ("A trial judge also has the power to grant a new trial absolute. However, this power may be exercised only when the verdict 'is shockingly disproportionate to the injuries suffered and thus indicates that passion, caprice, prejudice, or other considerations not reflected by the evidence affected the amount awarded.'" (quoting *Becker v. Wal-Mart Stores, Inc.*, 339 S.C. 629, 635, 529 S.E.2d 758, 761 (2000))); *id*. ("A jury's determination of damages is entitled to substantial deference. The decision to grant or deny a new trial motion rests within the discretion of the circuit court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law." (citation omitted) (quoting *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009))); *id*. at 56-57, 710 S.E.2d at 88-89 ("If the trial court determines that the verdict is 'merely excessive,' the court has the power to reduce the verdict by granting a new trial nisi remittitur. 'A motion for a new trial nisi remittitur asks the trial court to reduce the verdict because the verdict is merely excessive.' Even as to a new trial nisi remittitur, the trial judge's discretion is broad. 'The denial of a motion for a new trial nisi is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion.'" (citation omitted) (quoting *James v. Horace Mann Ins. Co.*, 371 S.C. 187, 193, 638 S.E.2d 667, 670 (2006))); *see also Bailey v. Peacock*, 318 S.C. 13, 14, 455 S.E.2d 690, 691 (1995) ("If an award is merely inadequate or unduly liberal, the trial judge alone has the discretion to grant a new trial nisi additur.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**