**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alfredo Rocha, Appellant,

v.

Harold J. Murdaugh Jr., Respondent,

AND

Graciela Rocha, Appellant,

v.

Harold J. Murdaugh Jr., Respondent.

Appellate Case No. 2024-001298

———

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-161
Submitted March 2, 2026 – Filed April 1, 2026

———

**AFFIRMED**

———

Gedney M. Howe, IV, and Michael Andrew Monastra,
both of Gedney M. Howe III, PA, of Charleston, both for
Appellants.

Michelle N. Endemann and Jeffrey Michael Crudup, both of Clarkson Walsh & Coulter, of Charleston, both for Respondent.

———————————

**PER CURIAM:**  Alfredo and Graciela Rocha (the Rochas) appeal the circuit court's denial of their motion for judgment notwithstanding the verdict (JNOV) or in the alternative for a new trial absolute.  On appeal, the Rochas argue the court erred in denying their motion as to proximate cause and damages because the jury drew an unreasonable inference when it found Harold J. Murdaugh, Jr. (Murdaugh) negligent but concluded his negligence was not the proximate cause of Alfredo's injuries.  We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Murdaugh, we hold the circuit court did not err in denying the Rochas' motion for JNOV or a new trial in the alternative because evidence supported the jury's findings.  *See Burns v. Universal Health Servs., Inc.*, 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("The appellate court will reverse the [circuit] court's ruling on a JNOV motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law."); *Wright v. Craft*, 372 S.C. 1, 18, 640 S.E.2d 486, 495 (Ct. App. 2006) ("When reviewing a motion for directed verdict or JNOV, an appellate court must employ the same standard as the [circuit] court."); *Gastineau v. Murphy*, 331 S.C. 565, 568, 503 S.E.2d 712, 713 (1998) ("A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict."); *id.* ("In deciding a motion for JNOV, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party; if more than one inference can be drawn, the case must be submitted to the jury."); *Becker v. Wal-Mart Stores, Inc.*, 339 S.C. 629, 635, 529 S.E.2d 758, 761 (Ct. App. 2000) ("The decision to grant a new trial absolute based on the excessiveness of a verdict rests in the sound discretion of the [circuit] court and ordinarily will not be disturbed on appeal."); *id.* ("An abuse of discretion occurs if the [circuit]court's findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law."); *id.* at 635-36, 529 S.E.2d at 761-62 ("In deciding whether to assess error when a new trial motion is denied, the appellate court must consider the testimony and reasonable inferences therefrom in the light most favorable to the nonmoving party."); *Trivelas v. S.C. Dep't of Transp.*, 357 S.C. 545, 551, 593 S.E.2d 504, 507 (Ct. App. 2004) ("South Carolina's thirteenth juror doctrine allows the circuit court . . . to grant a new trial absolute when the [court] finds the evidence does not justify the verdict."); *Vinson v. Hartley*, 324 S.C. 389, 404, 477 S.E.2d 715, 723 (Ct. App. 1996) ("The [circuit court] must grant a new

trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption[,] or some other improper motives."); *id.* ("The jury's determination of damages, however, is entitled to substantial deference."); *Bloom v. Ravoira*, 339 S.C. 417, 422, 529 S.E.2d 710, 712 (2000) ("To establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."); S.C. Code Ann. § 56-5-2745 (2018) (stating that drivers exiting a driveway must stop before entering the roadway); S.C. Code Ann. § 56-5-3810(a) (2018) ("No driver shall back a vehicle unless such movement can be made with safety and without interfering with other traffic."); S.C. Code Ann. § 56-5-3230 (2018) ("Notwithstanding other provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human-powered vehicle and shall give an audible signal when necessary and shall exercise proper precaution upon observing any child or any obviously confused, incapacitated[,] or intoxicated person."); *Wise v. Broadway*, 315 S.C. 273, 276-77, 433 S.E.2d 857, 859 (1993) (finding that violation of a driving safety statute constitutes negligence per se); *Trivelas v. S.C. Dep't of Transp.*, 348 S.C. 125, 134, 558 S.E.2d 271, 275 (Ct. App. 2001) ("The finding of a statutory violation, however, does not automatically lead to the recovery of damages.  The plaintiff must prove the violation proximately caused the injury complained of by the injured party." (citation omitted)); *Hughes v. Child.'s Clinic, P.A.*, 269 S.C. 389, 398, 237 S.E.2d 753, 757 (1977) ("Negligence is not actionable unless it is a proximate cause of the injuries, and it may be deemed a proximate cause only when without such negligence the injury would not have occurred or could have been avoided."); *Bramlette v. Charter-Med.-Columbia*, 302 S.C. 68, 72, 393 S.E.2d 914, 916 (1990) ("Proximate cause requires proof of (1) causation in fact and (2) legal cause."); *id.* ("Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.